IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AZURE NETWORKS, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No. 6:15-cv-00027 |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| SONY ELECTRONICS INC., | ) | |
| SONY CORPORATION OF AMERICA, | ) | |
| SONY CORPORATION, SONY MOBILE | ) | |
| COMMUNICATIONS AB, AND SONY | ) | |
| COMMUNICATIONS (USA) INC., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANTS SONY ELECTRONICS INC., SONY CORPORATION OF
AMERICA, SONY CORPORATION, SONY MOBILE COMMUNICATIONS AB,
AND SONY MOBILE COMMUNICATIONS (USA) INC.'S ANSWER TO
AZURE NETWORKS LLC'S FIRST AMENDED COMPLAINT**

Defendants Sony Electronics Inc., Sony Corporation of America, Sony Corporation, Sony

Mobile Communications AB, and Sony Mobile Communications (USA) Inc. (collectively

"Sony") hereby submit an Answer to the First Amended Complaint for Patent Infringement

("Complaint") filed by Plaintiff Azure Networks, LLC ("Azure" or "Plaintiff") on April 7, 2015.

Pursuant to the Court's February 11, 2015 Order (Dkt. No. 13), the due date for this Answer is

April 28, 2015.

## **THE PARTIES**

1. Plaintiff **Azure Networks, LLC ("Azure")** is a Texas limited liability company having its principal place of business in Longview, Texas. Azure is the exclusive licensee of the Asserted Patents, having an exclusive, worldwide, transferable, retroactive and prospective license ("the License") under each of the Asserted Patents, with the right to sublicense others, to (i) make, have made, use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and (iii) otherwise practice any invention in any manner, such that Azure has the full right to enforce and/or sublicense the Asserted Patents without any restriction, subject to certain encumbrances. Azure further has the exclusive right under the License to maintain, enforce, or defend the Asserted Patents, including without limitation pursuing and collecting damages, royalties, and other payments and obtaining injunctive relief and other remedies for past, current and future infringement of the Asserted Patents and pursuing and entering into any settlement related to a claim of infringement. Azure has standing to sue for infringement of the Asserted Patents.

**ANSWER:**     Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and on that basis denies these allegations.

2. The Asserted Patents are owned by third-party Tri-County Excelsior Foundation ("TCEF"), a Texas non-profit corporation that serves as a supporting organization to Court Appointed Special Advocates of Harrison County ("CASA of Harrison County"). CASA of Harrison County, which has its principal place of business in Marshall, Texas, provides trained, court-appointed volunteer advocates who serve as 'the voice in court' for children in Harrison County who are victims of neglect as well as physical, sexual and emotional abuse.

**ANSWER:**     Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and on that basis denies these allegations.

3. TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 7,756,129 ("the '129 Patent")** entitled "Personal Area Network with Automatic Attachment and Detachment." The '129 Patent was duly and legally issued on July 13, 2010. A true and correct copy of the '129 Patent is attached as Exhibit A.

**ANSWER:**     Sony is without knowledge or information sufficient to form a belief as to the truth of the allegation that TCEF is the owner by assignment, and Azure is the exclusive licensee, of United States Patent No. 7,756,129 ("the '129 Patent") entitled "Personal Area Network with Automatic

2

Attachment and Detachment," and on that basis denies this allegation. Sony denies that the '129

Patent was duly and legally issued on July 13, 2010. Sony admits that a copy of the '129 Patent was

attached to the Complaint as Exhibit A. Sony denies the remaining allegations of Paragraph 3 of the

Complaint.

4. TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 8,582,570 ("the '570 Patent")** entitled "Automatic Attachment and Detachment for Hub and Peripheral Devices." The '570 Patent was duly and legally issued on November 12, 2013. A true and correct copy of the '570 Patent is attached as Exhibit B. The term "Asserted Patents" includes the '570 Patent.

**ANSWER:**    Sony is without knowledge or information sufficient to form a belief as to the truth of

the allegation that TCEF is the owner by assignment, and Azure is the exclusive licensee, of United

States Patent No. 8,582,570 ("the '570 Patent") entitled "Automatic Attachment and Detachment for

Hub and Peripheral Devices," and on that basis denies these allegations. Sony denies that the '570

Patent was duly and legally issued on November 12, 2013. Sony admits that a copy of the '570

Patent was attached to the Complaint as Exhibit B, and that the term "Asserted Patents" is defined to

include the '570 Patent. Sony denies the remaining allegations of Paragraph 4 of the Complaint.

5. TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 8,582,571 ("the '571 Patent")** entitled "Personal Area Network Apparatus." The '571 Patent was duly and legally issued on November 12, 2013. A true and correct copy of the '571 Patent is attached as Exhibit C. The term "Asserted Patents" includes the '571 Patent.

**ANSWER:**    Sony is without knowledge or information sufficient to form a belief as to the truth of

the allegation that TCEF is the owner by assignment, and Azure is the exclusive licensee, of United

States Patent No. 8,582,571 ("the '571 Patent") entitled "Personal Area Network Apparatus," and on

that basis denies these allegations. Sony denies that the '571 Patent was duly and legally issued on

November 12, 2013. Sony admits that a copy of the '571 Patent was attached to the Complaint as

Exhibit C, and that the term "Asserted Patents" is defined to include the '571 Patent. Sony denies the

remaining allegations of Paragraph 5 of the Complaint.

6.   TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 8,588,196 ("the '196 Patent")** entitled "Automatic Attachment and Detachment for Hub and Peripheral Devices." The '196 Patent was duly and legally issued on November 19, 2013. A true and correct copy of the '196 Patent is attached as Exhibit D. As used herein, the term "Asserted Patents" includes the '196 Patent.

**ANSWER:**   Sony is without knowledge or information sufficient to form a belief as to the truth of

the allegation that TCEF is the owner by assignment, and Azure is the exclusive licensee, of United

States Patent No. 8,588,196 ("the '196 Patent") entitled "Automatic Attachment and Detachment for

Hub and Peripheral Devices," and on that basis denies these allegations. Sony denies that the '196

Patent was duly and legally issued on November 19, 2013. Sony admits that a copy of the '196 Patent

was attached to the Complaint as Exhibit D, and that the term "Asserted Patents" is defined to include

the '196 Patent. Sony denies the remaining allegations of Paragraph 6 of the Complaint.

7.   TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 8,588,231 ("the '231 Patent")** entitled "Personal Area Network Apparatus." The '231 Patent was duly and legally issued on November 19, 2013. A true and correct copy of the '231 Patent is attached as Exhibit E. As used herein, the term "Asserted Patents" includes the '231 Patent.

**ANSWER:**   Sony is without knowledge or information sufficient to form a belief as to the truth of

the allegation that TCEF is the owner by assignment, and Azure is the exclusive licensee, of United

States Patent No. 8,588,231 ("the '231 Patent") entitled "Personal Area Network Apparatus," and on

that basis denies these allegations. Sony denies that the '231 Patent was duly and legally issued on

November 19, 2013. Sony admits that a copy of the '231 Patent was attached to the Complaint as

Exhibit E, and that the term "Asserted Patents" is defined to include the '231 Patent. Sony denies the

remaining allegations of Paragraph 7 of the Complaint.

8. TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 8,589,599 ("the '599 Patent")** entitled "Automatic Attachment and Detachment for Hub and Peripheral Devices." The '599 Patent was duly and legally issued on November 19, 2013. A true and correct copy of the '599 Patent is attached as Exhibit F. As used herein, the term "Asserted Patents" includes the '599 Patent.

**ANSWER:**     Sony is without knowledge or information sufficient to form a belief as to the truth of

the allegation that TCEF is the owner by assignment, and Azure is the exclusive licensee, of United

States Patent No. 8,589,599 ("the '599 Patent") entitled "Automatic Attachment and Detachment for

Hub and Peripheral Devices," and on that basis denies these allegations. Sony denies that the '599

Patent was duly and legally issued on November 19, 2013. Sony admits that a copy of the '599 Patent

was attached to the Complaint as Exhibit F, and that the term "Asserted Patents" is defined to include

the '599 Patent. Sony denies the remaining allegations of Paragraph 8 of the Complaint.

9. TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 8,675,590 ("the '590 Patent")** entitled "Personal Area Network With Automatic Attachment and Detachment." The '590 Patent was duly and legally issued on March 18, 2014. A true and correct copy of the '590 Patent is attached as Exhibit G. As used herein, the term "Asserted Patents" includes the '590 Patent.

**ANSWER:**     Sony is without knowledge or information sufficient to form a belief as to the truth of

the allegation that TCEF is the owner by assignment, and Azure is the exclusive licensee, of United

States Patent No. 8,675,590 ("the '590 Patent") entitled "Personal Area Network With Automatic

Attachment and Detachment," and on that basis denies these allegations. Sony denies that the '590

Patent was duly and legally issued on March 18, 2014. Sony admits that a copy of the '590 Patent

was attached to the Complaint as Exhibit G, and that the term "Asserted Patents" is defined to include

the '590 Patent. Sony denies the remaining allegations of Paragraph 9 of the Complaint.

10. TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 8,683,092 ("the '092 Patent")** entitled "Automatic Attachment and Detachment for Hub and Peripheral Devices." The '092 Patent was duly and legally issued on March 25, 2014. A true and correct copy of the '092 Patent is attached as Exhibit H. As used herein, the term "Asserted Patents" includes the '092 Patent.

**ANSWER:**     Sony is without knowledge or information sufficient to form a belief as to the truth of

the allegation that TCEF is the owner by assignment, and Azure is the exclusive licensee, of United

States Patent No. 8,683,092 ("the '092 Patent") entitled "Automatic Attachment and Detachment for

Hub and Peripheral Devices," and on that basis denies these allegations. Sony denies that '092 Patent

was duly and legally issued on March 25, 2014. Sony admits that a copy of the '092 Patent was

attached to the Complaint as Exhibit H, and that the term "Asserted Patents" is defined to include the

'092 Patent. Sony denies the remaining allegations of Paragraph 10 of the Complaint.

11. TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 8,700,815 ("the '815 Patent")** entitled "Personal Area Network Apparatus." The '815 Patent was duly and legally issued on April 15, 2014. A true and correct copy of the '815 Patent is attached as Exhibit I. The term "Asserted Patents" includes the '815 Patent.

**ANSWER:**     Sony is without knowledge or information sufficient to form a belief as to the truth of

the allegation that TCEF is the owner by assignment, and Azure is the exclusive licensee, of United

States Patent No. 8,700,815 ("the '815 Patent") entitled "Personal Area Network Apparatus," and on

that basis denies these allegations. Sony denies that the '815 Patent was duly and legally issued on

April 15, 2014. Sony admits that a copy of the '815 Patent was attached to the Complaint as Exhibit I,

and that the term "Asserted Patents" is defined to include the '815 Patent. Sony denies the remaining

allegations of Paragraph 11 of the Complaint.

12. TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 8,732,347 ("the '347 Patent")** entitled "Automatic Attachment and Detachment for Hub and Peripheral Devices." The '347 Patent was duly and legally issued on May 20, 2014. A true and correct copy of the '347 Patent is attached as Exhibit J. The term "Asserted Patents"

includes the '347 Patent.

**ANSWER:**    Sony is without knowledge or information sufficient to form a belief as to the truth of

the allegation that TCEF is the owner by assignment, and Azure is the exclusive licensee, of United

States Patent No. 8,732,347 ("the '347 Patent") entitled "Automatic Attachment and Detachment for

Hub and Peripheral Devices," and on that basis denies these allegations. Sony denies that the '347

Patent was duly and legally issued on May 20, 2014. Sony admits that a copy of the '347 Patent was

attached to the Complaint as Exhibit J, and that the term "Asserted Patents" is defined to include the

'347 Patent. Sony denies the remaining allegations of Paragraph 12 of the Complaint.

13. TCEF is the owner by assignment, and Azure is the exclusive licensee, of **United States Patent No. 8,732,361 ("the '361 Patent")** entitled "Personal Area Network Apparatus." The '361 Patent was duly and legally issued on May 20, 2014. A true and correct copy of the '361 Patent is attached as Exhibit K. The term "Asserted Patents" includes the '361 Patent.

**ANSWER:**    Sony is without knowledge or information sufficient to form a belief as to the truth of

the allegation that TCEF is the owner by assignment, and Azure is the exclusive licensee, of United

States Patent No. 8,732,361 ("the '361 Patent") entitled "Personal Area Network Apparatus," and on

that basis denies these allegations. Sony denies that the '361 Patent was duly and legally issued on

May 20, 2014. Sony admits that a copy of the '361 Patent was attached to the Complaint as Exhibit

K, and that the term "Asserted Patents" is defined to include the '361 Patent. Sony denies the

remaining allegations of Paragraph 13 of the Complaint.

14. Defendant **Sony Corporation ("Sony Corp.")** is a Japanese corporation and may be served via its Officers and/or Directors at its corporate headquarters at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan.

**ANSWER:**    Sony admits that Sony Corporation is a corporation existing under the laws of Japan,

with its corporate headquarters at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan. Sony denies the

remaining allegations in Paragraph 14 of the Complaint.


15. Defendant **Sony Electronics Inc. ("Sony Electronics")** is a California corporation with its
principal place of business at 16530 Via Esprillo, San Diego, CA 92127. Sony Electronics
may be served via its registered agent Corporation Service Company d/b/a CSC– Lawyers
Incorporating Service Company located at 211 East 7th Street, Suite 620, Austin, Texas
78701-3218.

**ANSWER:**     Sony admits that Sony Electronics Inc. is organized and existing under the laws of the

state of Delaware and that Sony Electronics Inc. has a principal place of business at 16530 Via

Esprillo, San Diego, California 92127. Sony admits that Sony Electronics Inc.'s registered agent for

service is Corporation Service Company d/b/a CSC– Lawyers Incorporating Service Company

located at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. Sony denies the remaining

allegations in Paragraph 15 of the Complaint.


16. Defendant **Sony Corporation of America ("Sony America")** is a New York corporation with
its principal place of business at 500 Madison Avenue, New York, New York 10022-3211.
Sony America may be served via its registered agent Corporation Service Company located at
80 State Street, Albany, New York 12207-2543.

**ANSWER:**     Sony admits that Sony Corporation of America is organized and existing under the

laws of New York and that Sony Corporation of America has a principal place of business at 550

Madison Avenue, New York, New York 10022. Sony admits that Sony Corporation of America's

registered agent for service is Corporation Service Company located at 80 State Street, Albany, New

York 12207-2543. Sony denies the remaining allegations in Paragraph 16 of the Complaint.


17. Defendant **Sony Mobile Communications AB ("Sony Mobile")** is a wholly-owned
subsidiary of Sony Corp. and is incorporated under the laws of Sweden with its principal place

8

of business at Nya Vattentornet SE-221, 88 Lund, Sweden.

**ANSWER:**     Sony admits that Sony Mobile Communications AB is a wholly-owned subsidiary of

Sony Mobile Communications Inc., a corporation organized under the laws of Japan, and Sony

Mobile Communications Inc. is a wholly owned subsidiary of Sony Corporation. Sony admits that

Sony Mobile Communications AB is incorporated under the laws of Sweden with its principal place

of business at Nya Vattentornet SE-221, 88 Lund, Sweden. Sony denies the remaining allegations in

Paragraph 17 of the Complaint.

18. Defendant **Sony Mobile Communications (USA) Inc. ("Sony Mobile USA")** is a wholly-owned subsidiary of Sony Mobile Communications AB and is incorporated under the laws of the state of Delaware, with its principal place of business at 7001 Development Drive, Research Triangle, North Carolina 27709. Sony Mobile USA can be served with process through its agent Capitol Services, Inc., 1675 S State St. Suite B, Dover, Delaware 19901.

**ANSWER:**     Sony admits that Sony Mobile (USA) Inc. is a wholly-owned subsidiary of Sony

Mobile Communications AB and is incorporated under the laws of the state of Delaware, with its

principal place of business at 3333 Piedmont Road NE, Atlanta, Georgia 30305. Sony admits that

Sony Mobile (USA) Inc.'s agent for service is Capitol Services, Inc., 1675 S State St. Suite B, Dover,

Delaware 19901. Sony denies the remaining allegations in Paragraph 18 of the Complaint.

19. On information and belief, Defendant Sony Electronics Inc., Defendant Sony Corporation of America, Sony Mobile Communications AB, and Sony Mobile Communications (USA) Inc. are each a subsidiary of Defendant Sony Corporation.

**ANSWER:**     Sony admits that Sony Electronics Inc. is a wholly-owned subsidiary of Sony

Corporation of America, and an indirect subsidiary of Sony Corporation. Sony admits that Sony

Corporation of America is a wholly-owned, indirect subsidiary of Sony Corporation. Sony admits

that Sony Mobile Communications AB is a wholly-owned subsidiary of Sony Mobile

Communications Inc., a corporation organized under the laws of Japan, and Sony Mobile

Communications Inc. is a wholly owned subsidiary of Sony Corporation. Sony admits that Sony

Mobile Communications (USA) Inc. is a wholly-owned subsidiary of Sony Mobile Communications

AB and an indirect subsidiary of Sony Corporation. Sony denies the remaining allegations in

Paragraph 19 of the Complaint.

20. Defendants Sony Electronics Inc., Sony Corporation of America, Sony Corporation, Sony Mobile Communications AB, and Sony Mobile Communications (USA) Inc. together are hereinafter collectively referred to as the "**Defendant**."

**ANSWER:**  Paragraph 20 of the Complaint contains allegations that do not require a response. To the

extent a response is required, Sony denies those allegations.

21. Defendant is doing business, directly and/or through subsidiaries or intermediaries, in the United States and, more particularly, in the State of Texas and the Eastern District of Texas, by designing, marketing, testing, making, using, selling, importing, and/or offering for sale products and systems that infringe the patent claims involved in this action or by transacting other business in this District.

**ANSWER:**    Except as otherwise noted in Sony's response to Paragraphs 23 and 24 of the

Complaint, Sony denies the allegations in Paragraph 21 of the Complaint.

## JURISDICTION AND VENUE

22. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code,  including 35 U.S.C. §§ 271 and 281-285. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**    The allegations of Paragraph 22 constitute legal conclusions that require no response.

23. On information and belief, each Defendant, directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has transacted business in this district and has committed acts of patent infringement in this district. Thus, venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

**ANSWER:**     Sony only admits, for the purposes of this action only, that Sony Electronics Inc. and

Sony Mobile (USA) Inc. transacted business in this judicial district. Sony denies that it has committed

acts of patent infringement in this judicial district. Sony specifically denies that this judicial district is

the most convenient for adjudication of the claims alleged by Azure in this action. Sony denies the

remaining allegations of Paragraph 23.

24. On information and belief, each Defendant has conducted and does conduct substantial business in this forum, directly and/or through subsidiaries or intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district. Thus, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and the Texas Long Arm Statute. Venue is proper in the Tyler Division of the Eastern District of Texas pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1400(b).

**ANSWER:**     For the purposes of this action only, Sony does not contest that Sony Electronics Inc.

and Sony Mobile (USA) Inc. conduct business in this judicial district, but denies that this district is

the most convenient for adjudication of the claims alleged by the Plaintiff in this action. Sony denies

the remaining allegations of Paragraph 24, and specifically denies it has committed acts of patent

infringement in this, or any other, judicial district.

## GENERAL ALLEGATIONS

25. Defendant has been and is now designing, marketing, testing, making, using, selling,

distributing, importing, and/or offering for sale in the United States various electronic products and systems incorporating Wi-Fi Direct wireless technology; and/or NFC wireless technology in combination with Wi-Fi and/or Wi-Fi Direct wireless technology. Representative products and systems which infringe one or more claims of the Asserted Patents ("Infringing Products") include without limitation at least Sony-branded and/or Sony-produced mobile communication devices (Xperia S, Xperia Z1, Xperia Z2, Xperia Z3, Xperia TL, Xperia Z Ultra, Xperia Z1S, Xperia Z 4G), tablet computers (Xperia Tablet Z, Xperia Tablet Z2, Xperia Tablet Z3), televisions (Bravia KDL-46HX850, KDL-32R330B, KDL-32R400A, KDL-32R420B, KDL-32W650A, KDL-40R380B, KDL-40R450A, KDL-40W580B, KDL-40W590B, KDL-40W600B, KDL-46R453A, KDL-47W802A, KDL-48W590B, KDL-48W600B, KDL-50R550A, KDL-50W700B, KDL-50W800B, KDL-55W700B, KDL-55W800B, KDL-55W802A, KDL-55W900A, KDL-55W950B, KDL-60R510A, KDL-60R520A, KDL-60R550A, KDL-60W610B, KDL-60W630B, KDL-60W850B, KDL-65W950B, KDL-70R520A, KDL-70R550A, KDL-70W830B, KDL-70W850B, XBR-49X850B, XBR-55X850B, XBR-55X900A, XBR-55X900B, XBR-65X850B, XBR-65X900B, XBR-65X950B, XBR-70X850B, XBR-79X900B, XBR- 85X950B), cameras (DSC-QX10, DSC-QX30, ILCE-QX1, NEX-5R, NEX-5T, NEX-6, DSC-HX30, DSC-HX50/V, DSC-QX100, DSC-RX100M2, DSC-WX300, DSC-WX350, DSC- WX80, ILCA-77M2, ILCE-6000, ILCE-5100), camcorders (PXW-FS7, HDR-AS30V, FDR- AX33/30, FDR-X1000V, HDR-AS100V, HDR-AS20, HDR-AS200V, HDR-AZ1, HDR-CX900/E, HDR-MV1, HDR-PJ275, PXW-X70, HXR-NX3), wireless adapters (ADP-WL1M, IFU-WLM3), Blu-ray disc players (BDV-N5200W, BDP-BX320, BDP-BX350, BDP-BX520, BDP-BX550, BDP-BX620, BDP-S2200, BDP-S3200, BDP-S3500, BDP-S5200, BDP-S5500, BDP-S6200, BDP-S7200, BDV-N7200W), 4K media players (FMP-X10), and video game consoles (Playstation 3) including all reasonably-similar products and systems and variants thereof known to Defendant.

**ANSWER:**     Sony admits that it sells and offers for sale in the United States various electronic products and systems incorporating Wi-Fi Direct wireless technology and/or NFC wireless technology. Sony denies that it designs, markets, tests, makes, uses, sells, distributes, imports and/or offers for sale in the United States PlayStation 3 products and systems incorporating Wi-Fi Direct wireless technology and/or NFC wireless technology in combination with Wi-Fi and/or Wi-Fi Direct wireless technology. Sony denies the remaining allegations in Paragraph 25.

26. Defendant has infringed and continues to infringe (literally and/or under the doctrine of equivalents) directly, through subsidiaries or intermediaries, and/or through the inducement of others, one or more claims of the Asserted Patents by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States the Infringing Products, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

**ANSWER:**     Sony denies the allegations in Paragraph 26 of the Complaint.

27. Azure has been and continues to be damaged as a result of Defendant's infringing conduct. Defendant is, therefore, liable to Azure in an amount that adequately compensates Azure for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**ANSWER:**     Sony denies the allegations in Paragraph 27 of the Complaint.

28. Defendant has failed to obtain permission from Azure to make, use, offer to sell, sell, or import products incorporating the inventions claimed in the Asserted Patents.

**ANSWER:**     Sony denies that any permission is required from Azure with respect to the asserted patents because Sony does not infringe any valid and enforceable claim of any asserted patent in this action. Sony denies the allegations in Paragraph 28 of the Complaint.

29. Defendant's infringement of the Asserted Patents is willful.

**ANSWER:**     Sony denies the allegations in Paragraph 29 of the Complaint, and specifically denies it has committed acts of patent infringement willful or otherwise in this, or any other, judicial district.

30. Each Defendant is individually liable and is jointly and severally liable with its co-defendants for patent infringement.

**ANSWER:**     Sony denies the allegations in Paragraph 29 of the Complaint, and specifically denies it has committed acts of patent infringement in this, or any other, judicial district.

31. For each count of infringement listed below, Azure incorporates and realleges the allegations contained in the preceding paragraphs above including these General Allegations as if fully set forth in each count of infringement.

**ANSWER:**     Sony incorporates its responses to the preceding Paragraphs 1-30 of the Complaint as if fully set forth in each such count of alleged infringement.

### COUNT I

### DIRECT INFRINGEMENT OF U.S. PATENT No. 7,576,129

32. Defendant has been and is now directly infringing the '129 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

**ANSWER:**     Sony denies the allegations in Paragraph 32 of the Complaint.

33. Defendant, directly and/or through subsidiaries or intermediaries, has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '129 Patent by making, using, testing, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products. For example only and not as a limitation, Azure contends that Infringing Products infringe at least claim 27 of the '129 Patent because the Infringing Products incorporate Wi-Fi Direct wireless technology. Defendant's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. Defendant also infringes the '129 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Defendant's infringement of the '129 Patent has caused damage to Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

**ANSWER:**     Sony denies the allegations in Paragraph 33 of the Complaint.

34. As a result of Defendant's infringement of the '129 Patent, Azure has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. §284, but in no event less than a reasonable royalty.

**ANSWER:**     Sony denies the allegations in Paragraph 34 of the Complaint.

## COUNT II

## DIRECT INFRINGEMENT OF U.S. PATENT No. 8,582,571

35. Defendant has been and is now directly infringing the '571 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

**ANSWER:**   Sony denies the allegations in Paragraph 35 of the Complaint.

36. Defendant, directly and/or through subsidiaries or intermediaries, has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '571 Patent by making, using, testing, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products. For example only and not as a limitation, Azure contends that Infringing Products infringe at least claim 1 of the '571 Patent because the Infringing Products incorporate Wi-Fi Direct wireless technology. Defendant's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. Defendant also infringes the '571 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Defendant's infringement of the '571 Patent has caused damage to Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

**ANSWER:**   Sony denies the allegations in Paragraph 36 of the Complaint.

37. As a result of Defendant's infringement of the '571 Patent, Azure has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. §284, but in no event less than a reasonable royalty.

**ANSWER:**   Sony denies the allegations in Paragraph 37 of the Complaint.

## COUNT III

## DIRECT INFRINGEMENT OF U.S. PATENT No. 8,589,599

38. Defendant has been and is now directly infringing the '599 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

**ANSWER:**    Sony denies the allegations in Paragraph 38 of the Complaint.

39. Defendant, directly and/or through subsidiaries or intermediaries, has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '599 Patent by making, using, testing, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products. For example only and not as a limitation, Azure contends that Infringing Products infringe at least claim 19 of the '599 Patent because the Infringing Products incorporate Wi-Fi Direct wireless technology. Defendant's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. Defendant also infringes the '599 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Defendant's infringement of the '599 Patent has caused damage to Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

**ANSWER:**    Sony denies the allegations in Paragraph 39 of the Complaint.

40. As a result of Defendant's infringement of the '599 Patent, Azure has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. §284, but in no event less than a reasonable royalty.

**ANSWER:**    Sony denies the allegations in Paragraph 40 of the Complaint.

## COUNT IV

## DIRECT INFRINGEMENT OF U.S. PATENT No. 8,675,590

41. Defendant has been and is now directly infringing the '590 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

**ANSWER:**     Sony denies the allegations in Paragraph 41 of the Complaint.

42. Defendant, directly and/or through subsidiaries or intermediaries, has infringed and
continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of
the '590 Patent by making, using, testing, making available for another's use, offering to
license or licensing in the United States, selling or offering to sell, and/or importing the
Infringing Products. For example only and not as a limitation, Azure contends that
Infringing Products infringe at least claim 40 of the '590 Patent because the Infringing Products
incorporate Wi-Fi Direct wireless technology. Defendant's infringing activities include
importing, offering for sale, and selling the Infringing Products in the United States.
Defendant also infringes the '590 Patent by selling and offering to sell the Infringing Products
directly and via sales representatives, distributors, and resellers to consumers, businesses,
distributors, and resellers. Defendant's infringement of the '590 Patent has caused damage to
Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

**ANSWER:**     Sony denies the allegations in Paragraph 42 of the Complaint.

43. As a result of Defendant's infringement of the '590 Patent, Azure has suffered monetary
damages that are adequate to compensate it for the infringement under 35 U.S.C. §284, but
in no event less than a reasonable royalty.

**ANSWER:**     Sony denies the allegations in Paragraph 43 of the Complaint.

## COUNT V

## DIRECT INFRINGEMENT OF U.S. PATENT No. 8,683,092

44. Defendant has been and is now directly infringing the '092 Patent by making, using,
selling, offering for sale, importing into the United States, and/or exporting the Infringing
Products, or consumer products that contain Infringing Products.

**ANSWER:**     Sony denies the allegations in Paragraph 44 of the Complaint.

45. Defendant, directly and/or through subsidiaries or intermediaries, has infringed and
continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of
the '092 Patent by making, using, testing, making available for another's use, offering to

license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products. For example only and not as a limitation, Azure contends that Infringing Products infringe at least claim 1 of the '092 Patent because the Infringing Products incorporate Wi-Fi Direct wireless technology. Defendant's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. Defendant also infringes the '092 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Defendant's infringement of the '092 Patent has caused damage to Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

**ANSWER:**     Sony denies the allegations in Paragraph 45 of the Complaint.

46. As a result of Defendant's infringement of the '092 Patent, Azure has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. §284, but in no event less than a reasonable royalty.

**ANSWER:**     Sony denies the allegations in Paragraph 46 of the Complaint.

## COUNT VI

## DIRECT INFRINGEMENT OF U.S. PATENT No. 8,732,347

47. Defendant has been and is now directly infringing the '347 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

**ANSWER:**     Sony denies the allegations in Paragraph 47 of the Complaint.

48. Defendant, directly and/or through subsidiaries or intermediaries, has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '347 Patent by making, using, testing, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products. For example only and not as a limitation, Azure contends that Infringing Products infringe at least claim 1 of the '347 Patent because the Infringing Products incorporate Wi-Fi Direct wireless technology. Defendant's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. Defendant also infringes the '347 Patent by selling and offering to sell the Infringing Products

directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Defendant's infringement of the '347 Patent has caused damage to Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

**ANSWER:**     Sony denies the allegations in Paragraph 48 of the Complaint.

49. As a result of Defendant's infringement of the '347 Patent, Azure has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. §284, but in no event less than a reasonable royalty.

**ANSWER:**     Sony denies the allegations in Paragraph 49 of the Complaint.

## COUNT VII

## DIRECT INFRINGEMENT OF U.S. PATENT No. 8,582,570

50. Defendant has been and is now directly infringing the '570 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

**ANSWER:**     Sony denies the allegations in Paragraph 50 of the Complaint.

51. Defendant, directly and/or through subsidiaries or intermediaries, has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '570 Patent by making, using, testing, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products. For example only and not as a limitation, Azure contends that Infringing Products infringe at least claims 7 and 13 of the '570 Patent because the Infringing Products incorporate Wi-Fi Direct wireless technology; and/or NFC wireless technology in combination with Wi-Fi and/or Wi-Fi Direct wireless technology. Defendant's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. Defendant also infringes the '570 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Defendant's infringement of the '570 Patent has caused damage to Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

**ANSWER:**     Sony denies the allegations in Paragraph 51 of the Complaint.

52. As a result of Defendant's infringement of the '570 Patent, Azure has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. §284, but in no event less than a reasonable royalty.

**ANSWER:**     Sony denies the allegations in Paragraph 52 of the Complaint.

## COUNT VIII

## DIRECT INFRINGEMENT OF U.S. PATENT No. 8,588,196

53. Defendant has been and is now directly infringing the '196 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

**ANSWER:**     Sony denies the allegations in Paragraph 53 of the Complaint.

54. Defendant, directly and/or through subsidiaries or intermediaries, has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '196 Patent by making, using, testing, making available for another's use, offering to license  or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products. For example only and not as a limitation, Azure contends that Infringing Products infringe at least claims 27 and 28 of the '196 Patent because the Infringing Products incorporate Wi-Fi Direct wireless technology; and/or NFC wireless technology in combination with Wi-Fi and/or Wi-Fi Direct wireless technology. Defendant's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. Defendant also infringes the '196 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Defendant's infringement of the '196 Patent has caused damage to Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

**ANSWER:**     Sony denies the allegations in Paragraph 54 of the Complaint.

55. As a result of Defendant's infringement of the '196 Patent, Azure has suffered monetary

damages that are adequate to compensate it for the infringement under 35 U.S.C. §284, but in no event less than a reasonable royalty.

**ANSWER:**     Sony denies the allegations in Paragraph 55 of the Complaint.

## COUNT IX

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,588,231

56. Defendant has been and is now directly infringing the '231 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

**ANSWER:**     Sony denies the allegations in Paragraph 56 of the Complaint.

57. Defendant, directly and/or through subsidiaries or intermediaries, has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '231 Patent by making, using, testing, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products. For example only and not as a limitation, Azure contends that Infringing Products infringe at least claims 2 and 29 of the '231 Patent because the Infringing Products incorporate Wi-Fi Direct wireless technology; and/or NFC wireless technology in combination with Wi-Fi and/or Wi-Fi Direct wireless technology. Defendant's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. Defendant also infringes the '231 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Defendant's infringement of the '231 Patent has caused damage to Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

**ANSWER:**     Sony denies the allegations in Paragraph 57 of the Complaint.

58. As a result of Defendant's infringement of the '231 Patent, Azure has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. §284, but in no event less than a reasonable royalty.

**ANSWER:**     Sony denies the allegations in Paragraph 58 of the Complaint.

## COUNT X

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,732,361

59. Defendant has been and is now directly infringing the '361 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

**ANSWER:**    Sony denies the allegations in Paragraph 59 of the Complaint.

60. Defendant, directly and/or through subsidiaries or intermediaries, has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '361 Patent by making, using, testing, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products. For example only and not as a limitation, Azure contends that Infringing Products infringe at least claim 1 of the '361 Patent because the Infringing Products incorporate NFC wireless technology in combination with Wi-Fi and/or Wi-Fi Direct wireless technology. Defendant's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. Defendant also infringes the '361 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Defendant's infringement of the '361 Patent has caused damage to Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

**ANSWER:**    Sony denies the allegations in Paragraph 60 of the Complaint.

61. As a result of Defendant's infringement of the '361 Patent, Azure has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. §284, but in no event less than a reasonable royalty.

**ANSWER:**    Sony denies the allegations in Paragraph 61 of the Complaint.

## COUNT XI

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,700,815

22

62. Defendant has been and is now directly infringing the '815 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting the Infringing Products, or consumer products that contain Infringing Products.

**ANSWER:**     Sony denies the allegations in Paragraph 62 of the Complaint.

63. Defendant, directly and/or through subsidiaries or intermediaries, has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '815 Patent by making, using, testing, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the Infringing Products. For example only and not as a limitation, Azure contends that Infringing Products infringe at least claim 1 of the '815 Patent because the Infringing Products incorporate Wi-Fi Direct wireless technology in combination with NFC wireless technology. Defendant's infringing activities include importing, offering for sale, and selling the Infringing Products in the United States. Defendant also infringes the '815 Patent by selling and offering to sell the Infringing Products directly and via sales representatives, distributors, and resellers to consumers, businesses, distributors, and resellers. Defendant's infringement of the '815 Patent has caused damage to Azure. Defendant's infringing activities violate 35 U.S.C. § 271.

**ANSWER:**     Sony denies the allegations in Paragraph 63 of the Complaint.

64. As a result of Defendant's infringement of the '815 Patent, Azure has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. §284, but in no event less than a reasonable royalty.

**ANSWER:**     Sony denies the allegations in Paragraph 64 of the Complaint.

## COUNT XII

## **DEFENDANT'S INDUCEMENT OF INFRINGEMENT**

65. Defendant, directly and/or through subsidiaries or intermediaries, has and continues to induce infringement (literally and/or under the doctrine of equivalents) of one or more claims of the Asserted Patents. Defendant's deliberate and/or willfully blind actions include, but are not limited to, actively marketing to, supplying, causing the supply to, encouraging, recruiting, and

instructing others such as consumers, businesses, distributors, agents, channel partners, resellers, sales representatives, end users, and customers, to use, make available for another's use, promote, market, distribute, import, sell and/or offer to sell the Infringing Products. These actions, individually and collectively, have induced and continue to induce the direct infringement of the Asserted Patents by others such as consumers, businesses, distributors, resellers, sales representatives, agents, channel partners, end users, and customers. Defendant knew and/or was willfully blind to the fact that the induced parties' use, testing, making available for another's use, promotion, marketing, distributing, importing, selling and/or offering to sell the Infringing Products would infringe one or more of the Asserted Patents.

**ANSWER:**     Sony denies the allegations in Paragraph 65 of the Complaint.

66. At least by filing and serving this Original Complaint for Patent Infringement, Azure has given Defendant written notice of the infringement. Furthermore, at least by filing and serving the Original Complaint for Patent Infringement in *Azure Networks, LLC, et al. v. Sony Electronics Inc., et al.*, Civ. Action No. 6:12-cv-746 (E.D. Texas), Azure has given Defendant written notice of the infringement. Because the '129 Patent, which was previously asserted against Defendant in *Azure Networks, LLC, et al. v. Sony Electronics Inc., et al.*, Civ. Action No. 6:12-cv-746 (E.D. Texas), and the other asserted patents are in the same patent family, upon information and belief, Defendant had knowledge of or was willfully blind to knowledge of the Asserted Patents and/or their patent applications and its infringement of said patents before the filing of this lawsuit. Defendant's infringing activities violate 35 U.S.C. § 271.

**ANSWER:**     Sony admits that Azure filed and served the Original Complaint upon Sony alleging

patent infringement. Sony admits that Azure asserted U.S. Patent No. 7,756,129 against Sony in *Azure*

*Networks, LLC, et al. v. Sony Electronics Inc., et al.*, Civ. Action No. 6:12-cv-746 (E.D. Texas).

Sony denies the remaining allegations of Paragraph 66 of the Complaint.

## COUNT XIII

## DEFENDANT'S WILLFUL INFRINGEMENT

67. Defendant's infringement of the Asserted Patents is willful to the extent that the filing and service of this Original Complaint for Patent Infringement gives Defendant actual notice of infringement, and Defendant continues to make, continue to make, use, make available for another's use, offer to license or license in the United States, sell or offer to sell, and/or

import the Infringing Products, and/or continue to induce others such as consumers, businesses, distributors, agents, channel partners, resellers, sales representatives, end users, and customers to infringe the Asserted Patents.

**ANSWER:**     Sony denies the allegations in Paragraph 67 of the Complaint.

68. Furthermore, Defendant's infringement of the Asserted Patents is willful to the extent that the filing and service of the Original Complaint for Patent Infringement in *Azure Networks, LLC, et al. v. Sony Electronics Inc., et al.*, Civ. Action No. 6:12-cv-746 (E.D. Texas) gives Defendant actual notice of infringement, and Defendant continues to make, continue to make, use, make available for another's use, offer to license or license in the United States, sell or offer to sell, and/or import the Infringing Products including reasonably similar products and systems known to Defendant and variants thereof, and/or continue to induce others such as consumers, businesses, distributors, agents, channel partners, resellers, sales representatives, end users, and customers to infringe the Asserted Patents.

**ANSWER:**     Sony denies the allegations in Paragraph 68 of the Complaint.

69. Because the '129 Patent, which was previously asserted against Defendant in *Azure Networks, LLC, et al. v. Sony Electronics Inc., et al.*, Civ. Action No. 6:12-cv-746 (E.D. Texas), and the other asserted patents are in the same patent family, upon information and belief, Defendant had knowledge of the Asserted Patents and/or their patent applications and its infringement of said patents before the filing of this lawsuit.

**ANSWER:**     Sony admits that Azure asserted U.S. Patent No. 7,756,129 against Sony in *Azure Networks, LLC, et al. v. Sony Electronics Inc., et al.*, Civ. Action No. 6:12-cv-746 (E.D. Texas).

Sony denies the remaining allegations of Paragraph 69 of the Complaint.

## DEMAND FOR A JURY TRIAL

70. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Azure demands a trial by jury on all issues triable of right by a jury.

**ANSWER:**     There are no allegations of fact contained in Paragraph 70 of the Complaint and

therefore no response is required.

## SONY'S RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Sony denies the allegations in Plaintiff's prayer for relief against Sony. Sony denies that Plaintiff is entitled to an award of any relief at all and denies that Plaintiff is entitled to any of the relief sought in Plaintiffs' prayer for relief. Plaintiff's prayer should thus be denied in its entirety with prejudice, and Plaintiff should take nothing as against Sony.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pled as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to Sony's right to plead additional defense as discovery in the facts of the matter warrant, Sony adopts and incorporates by reference, as if set forth herein, any affirmative defense asserted by any other defendant in this action to the extent that such affirmative defense would be applicable to Sony, and Sony also asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Non-Infringement of the '129 Patent)**

Sony has not infringed and does not infringe any claim of the '129 Patent, either literally or under the doctrine of equivalents by inducing infringement or contributing to infringement.

### SECOND AFFIRMATIVE DEFENSE

**(Invalidity of the '129 Patent)**

The claims of the '129 Patent are invalid for failure to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

### (Non-Infringement of the '570 Patent)

Sony has not infringed and does not infringe any claim of the '570 Patent, either literally or under the doctrine of equivalents by inducing infringement or contributing to infringement.

## FOURTH AFFIRMATIVE DEFENSE

### (Invalidity of the '570 Patent)

The claims of the '570 Patent are invalid for failure to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FIFTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '571 Patent)

Sony has not infringed and does not infringe any claim of the '571 Patent, either literally or under the doctrine of equivalents by inducing infringement or contributing to infringement.

## SIXTH AFFIRMATIVE DEFENSE

### (Invalidity of the '571 Patent)

The claims of the '571 Patent are invalid for failure to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SEVENTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '196 Patent)

Sony has not infringed and does not infringe any claim of the '196 Patent, either literally or under the doctrine of equivalents by inducing infringement or contributing to infringement.

## EIGHTH AFFIRMATIVE DEFENSE

### (Invalidity of the '196 Patent)

The claims of the '196 Patent are invalid for failure to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## NINTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '231 Patent)

Sony has not infringed and does not infringe any claim of the '231 Patent, either literally or under the doctrine of equivalents by inducing infringement or contributing to infringement.

## TENTH AFFIRMATIVE DEFENSE

### (Invalidity of the '231 Patent)

The claims of the '231 Patent are invalid for failure to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '599 Patent)

Sony has not infringed and does not infringe any claim of the '599 Patent, either literally or under the doctrine of equivalents by inducing infringement or contributing to infringement.

## TWELFTH AFFIRMATIVE DEFENSE

### (Invalidity of the '599 Patent)

The claims of the '599 Patent are invalid for failure to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '590 Patent)

Sony has not infringed and does not infringe any claim of the '590 Patent, either literally or under the doctrine of equivalents by inducing infringement or contributing to infringement.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Invalidity of the '590 Patent)

The claims of the '590 Patent are invalid for failure to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '092 Patent)

Sony has not infringed and does not infringe any claim of the '092 Patent, either literally or under the doctrine of equivalents by inducing infringement or contributing to infringement.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Invalidity of the '092 Patent)

The claims of the '092 Patent are invalid for failure to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '815 Patent)

Sony has not infringed and does not infringe any claim of the '815 Patent, either literally or under the doctrine of equivalents by inducing infringement or contributing to infringement.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Invalidity of the '815 Patent)

The claims of the '815 Patent are invalid for failure to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '347 Patent)

Sony has not infringed and does not infringe any claim of the '347 Patent, either literally or under the doctrine of equivalents by inducing infringement or contributing to infringement.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Invalidity of the '347 Patent)

The claims of the '347 Patent are invalid for failure to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement of the '361 Patent)

Sony has not infringed and does not infringe any claim of the '361 Patent, either literally or under the doctrine of equivalents by inducing infringement or contributing to infringement.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Invalidity of the '361 Patent)

The claims of the '361 Patent are invalid for failure to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

## (Prosecution History Estoppel)

Plaintiff is estopped from asserting infringement under the doctrine of equivalents for claims of the Asserted Patents and from adopting claim construction positions contrary to statements and amendments made during prosecution of the Asserted Patents and/or any related U.S. or foreign patents and patent applications

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

## (Limitation on Damages)

Plaintiff's claims for damages for alleged infringement are barred in whole or in part by its failure to properly mark or cause its licensees to mark relevant products as required by 35 U.S.C. § 287 or provide notice under 35 U.S.C. § 287.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

## (License and Patent Exhaustion)

Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Sony, or are imported by, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to the Asserted Patents and/or (ii) under the doctrine of patent exhaustion.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable and Plaintiff has an adequate remedy at law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Collateral Estoppel and/or Judicial Estoppel)**

Plaintiff is barred pursuant to the doctrines of collateral estoppel and/or judicial estoppel from re-asserting and/or altering positions that were previously the subject of its own arguments and/or rulings adverse to them in prior litigation.

**TWENTY-EIGHT AFFIRMATIVE DEFENSE**

**(Improper Venue)**

Azure's Complaint should be dismissed at least because venue is not proper in this district.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Claim Construction Estoppel)**

Plaintiffs are estoped from construing the claims of the Asserted Patents to cover any Sony product because representations, omissions, and/or concessions made during prosecution of the Asserted Patent, and/or any related U.S. or foreign patents and patent applications, limit the scope of the claims of the Asserted Patents.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Use/Manufacture By/For Government)**

To the extent that any accused product or method has been used or manufactured by or for the United States Government, claims and demands for relief by Plaintiffs based on the Asserted Patents are barred by 28 U.S.C. § 1498.

### Reservation Of Rights

Sony reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in the case.

### PRAYER FOR RELIEF

WHEREFORE, Defendants Sony Electronics Inc., Sony Corporation of America, Sony Corporation, Sony Mobile Communications AB, and Sony Mobile Communications (USA) Inc., having completely and fully provided their Answer to the Complaint, prays for a final judgment against Plaintiff Azure Networks, LLC, respectfully requesting the following relief:

A.   A judgment that the Complaint be dismissed with prejudice;

B.   A judgment that Sony has not infringed the claims of the asserted patents;

C.   A judgment that the claims of the asserted patents are invalid or unenforceable;

D.   A judgment under 35 U.S.C. § 285 awarding Sony its costs and reasonable attorneys' fees expended in defending and maintaining this action; and

E.   A judgment awarding Sony such other and further relief as the Court may deem just and proper.

DATED: April 28, 2015                    Respectfully submitted,

                                         *s/ Lionel M. Lavenue*
                                         Lionel M. Lavenue
                                         lionel.lavenue@finnegan.com
                                         Finnegan, Henderson, Farabow, Garrett & Dunner,
                                            LLP
                                         Two Freedom Square
                                         11955 Freedom Dr.
                                         Reston, VA 20105
                                         (571) 203-2700 (telephone)

(202) 408-4400 (facsimile)

*Attorneys for Defendants*
*Sony Electronics Inc.,*
*Sony Corporation of America,*
*Sony Corporation,*
*Sony Mobile Communications AB,*
*and Sony Mobile Communications (USA) Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document, **DEFENDANTS SONY ELECTRONICS, INC., SONY CORPORATION OF AMERICA, SONY CORPORATION, SONY MOBILE COMMUNICATIONS AB, AND SONY MOBILE COMMUNICATIONS (USA) LLC'S ANSWER TO AZURE NETWORKS SECURITY SOLUTIONS, INC.'S COMPLAINT,** was filed electronically on April 28, 2015 with the clerk of the court for the U.S. District Court, Eastern District of Texas, Tyler Division pursuant to Local Rule CV-5(a) and served on all counsel who have consented to electronic service.  Any other counsel of record will be served by first-class mail on this same date.


*/s/Lionel M. Lavenue*
Lionel M. Lavenue